**J.M. HUBER CORPORATION
and Avex Electronics,
INC., Plaintiffs,**

v.

**PAN AMERICAN EXPRESS, INC.
and Zero Motor Freight, Inc.,
Defendants.**

v.

**Pyramid Transportation Systems, Inc.
and Avex Electronics de Mexico, S. de
R.L. de C.V., Third–Party Defendants.**

**Civil Action No. H–99–1331.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 23, 2000.

H.N. Cunningham, III, James Baker, Mark E. Wewers, Roberts, Cunningham & Stripling, L.L.P., Dallas, TX, for Zero Motor Freight, Inc.

Steven P. Vangel, Hill, Rivkins & Hayden, Houston, TX, for J.M. Huber Corporation and Avex Electronics, Inc.

## ORDER OF DISMISSAL

HARMON, District Judge.

Pending before the Court in the above referenced action, grounded in the Carmack Amendment, 49 U.S.C. §§ 11706 et al., and seeking contribution and indemnity for damaged goods [1] shipped from Osaka, Japan to California, transported by common carrier Zero Motor Freight Inc. from Rancho Dominguez, California to Laredo Texas, and then on to Guadalajara, Mexico, are the following motions:

(1) Third–Party Plaintiff Pan American Express, Inc.'s ("Pan American's") motion for default judgment against Third–Party Defendant Pyramid Transportation Systems, Inc. ("Pyramid") (instrument # 56);

(2) Defendants Pan American and Zero Motor Freight, Inc.'s ("Zero's") motion for protective order (# 60);

(3) Plaintiffs J.M. Huber Corporation and Avex Electronics, Inc.'s motion seeking expenses and sanctions (# 62) against Pan American and Zero;

(4) Pyramid's motion to dismiss for lack of personal jurisdiction (# 63) (relating to Pan American's third-party complaint); and

(5) Pyramid's motion to dismiss for lack of personal jurisdiction (relating to Zero's third-party complaint) (# 71).

The Court denies Plaintiffs' motion for default judgment. Pyramid, which was served through the Texas Secretary of State, has appeared and argued that it is not a resident of Texas and does not do business in Texas and therefore Plaintiff's attempt to serve it with process under the long arm statute, Texas Civil Practice and Remedies Code § 17.042, is of no effect.

In light of the Court's order of July 12, 2000(# 84), granting the joint motion to dismiss all claims brought by each other against each other, filed by Plaintiffs and Defendants Pan American and Zero, the Court finds # 60 and # 62 are moot.

Pyramid, which is charged with improper loading, blocking, and bracing of the goods on a truck for shipment from California to Texas and then on to Mexico, argues with a supporting affidavit that this Court has no specific personal jurisdiction over it because all the loading of the goods onto the truck was performed in Rancho Dominguez, California. All transactions and activities alleged in the complaint occurred in California. Pyramid further asserts that the Court also has no general personal jurisdiction over Pyramid because it has no continuous or systematic contacts with Texas. Pyramid describes itself as "a warehouse and transportation company

---

**1.** Two Fuji CP 642 chip placers, used in the production of computer companies, with an invoice value of approximately $810,000.

that has not entered the State of Texas to conduct business."

Federal Rule of Civil Procedure 4(e) permits a district court to assert personal jurisdiction over a nonresident in a diversity action to the extent allowed under the law of the state where the district court sits. The Texas Supreme Court has interpreted the language of its long-arm statute, Texas Civil Practice & Remedies Code §§ 17.041–.045, to reach as far as the federal constitutional requirements of due process will allow. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990). Thus the Court examines the due process requirements.

■■■ " 'A party's liberty interest under the fourteenth amendment protects it from being subjected to binding judgments of a forum with which it has established no meaningful contacts, ties or relations.' " *Guidry v. U.S. Tobacco Co., Inc.,* 188 F.3d 619, 623 (5th Cir.1999), *quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and *International Shoe v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The due process clause requires that a foreign defendant have "minimum contacts" with the forum state so that the maintenance of a suit does not offend "traditional notions of fair play and substantial justice." *Id., citing International Shoe,* 326 U.S. at 316, 66 S.Ct. 154. For minimum contacts, a nonresident defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 595 (5th Cir.1999).

■■■ Where a nonresident defendant has sufficient "continuous and systematic" contacts with the state in which the suit is pending, the court may exercise "general" personal jurisdiction over that party in a cause of action that does not arise out of or relate to that defendant's contacts with the forum state. *Guidry,* 188 F.3d at 623, *citing Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "Continuous and systematic contacts" are required by the due process clause because the forum state does not have a direct interest in the cause of action. *Gardemal,* 186 F.3d at 595. Thus the minimum contacts review is more demanding and broader for general jurisdiction and requires the plaintiff to demonstrate substantial activities in the forum state. *Id.*

■■■ Where the controversy "is related to or 'arises out of' [the defendant's] contacts with the forum," the district court may exercise "specific" personal jurisdiction. *Guidry,* 188 F.3d at 623, *citing Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The court must examine the relationship among the defendant, the forum state, and the litigation to determine whether the defendant purposefully established "minimum contacts" with the forum state that made it foreseeable that it should "reasonably anticipate being haled into court there." *Id.* at 625, *citing Burger King,* 471 U.S. at 474, 105 S.Ct. 2174. To decide if there is specific jurisdiction, the district court must apply a three-prong test: (1) whether the defendant has minimum contacts with the forum state, i.e., did it purposely direct its activities toward the forum state or purposely avail itself of the privilege of conducting activities there; (2) did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts; and (3) would the exercise of personal jurisdiction be fair and reasonable? *Id.*

■■■ If the court finds that the foreign defendant's related or unrelated contacts with the forum state are sufficient, it then examines whether the exercise of jurisdiction is "fair"[2] by examining several factors

2. Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction

relating to "traditional notions of fair play and substantial justice": (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies. *Felch v. Transportes Lar–Mex SA De CV*, 92 F.3d 320, 324 (5th Cir.1996).

■■■■■ The party that invokes a federal court's jurisdiction bears the burden of establishing minimum contacts that warrant the exercise of personal jurisdiction over a foreign defendant. *Id., citing Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990). If the court rules on a motion to dismiss for lack of jurisdiction without holding an evidentiary hearing, the nonmoving party need only make a *prima facie* showing, through pleadings, depositions, affidavits, exhibits, or any combination of recognized methods of discovery, of minimum contacts of each defendant to support specific personal jurisdiction and demonstrate that the cause of action arose out of that defendant's forum-related contacts; the court must accept as true the nonmovant's allegations and resolve all factual disputes in its favor. *Id., citing Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999), and *Bullion*, 895 F.2d at 217 ("uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor"); *Colwell Realty Investments v. Triple T Inns of Arizona*, 785 F.2d 1330, 1333 (5th Cir.1986). Ultimately, the plaintiff must establish personal jurisdiction by a preponderance of the evidence either at a pretrial evidentiary hearing or at trial. *Felch*, 92 F.3d at 326, *citing Travelers Indem. Co. v. Calvert Fire*

*Ins. Co.*, 798 F.2d 826, 831 (5th Cir.1986), *modified on rehearing in unrelated part*, 836 F.2d 850 (5th Cir.1988), and *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270–71 & n. 12 (5th Cir.1983) (only where the district court decides a motion to dismiss for lack of personal jurisdiction without a hearing may the plaintiffs satisfy their burden by presenting a *prima facie* case).

■■■ A dismissal for lack of personal jurisdiction is not a dismissal on the merits and must therefore be without prejudice. *Guidry*, 188 F.3d at 623.

■■■ Third–Party Plaintiffs Pan American and Zero, both common carriers, respond to Pyramid's motion by arguing that because Pyramid's improper loading, blocking and bracing of the goods, or negligence, was responsible for the goods shifting when the truck had an accident during transportation in or around Catarina, Texas, thereby causing the truck to roll over and the goods to be damaged, Pyramid committed a tort in Texas. In addition to loading the goods, Pyramid was aware of and prepared a bill of lading indicating that transportation of the goods would be from Pyramid in California to Avex in Texas. Plaintiffs argue that Pyramid clearly and purposefully directed the goods to be transported to Texas and because any damages suffered during the transportation occurred in the Texas were foreseeable and caused by the acts or omissions of Pyramid, this Court has personal jurisdiction over Pyramid. Even where a defendant has no physical presence in the forum state, a single purposeful contact is sufficient to satisfy the due process requirement of minimum contacts when the cause of action arises from that contact. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (finding personal juris-

---

is unfair. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999), *citing Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed.Cir.1995). To show that the exercise of *in personam* jurisdiction is unfair and unreasonable, the defendant must make a "compelling case".

*Id., citing Burger King*, 471 U.S. at 477, 105 S.Ct. 2174. It is very unusual to conclude that the exercise of jurisdiction is unfair after there has been a showing of sufficient minimum contacts. *Id., citing Akro*, 45 F.3d at 1549.

diction based on an insurance contract with a California resident even though corporate defendant was not a resident of California, had no offices or agents in the state, and did not do business there); *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1172 (5th Cir.1985) (personal jurisdiction over foreign corporation found where defective product was sold and shipped to the forum and caused injury).

■■■ After examining the pleadings and the applicable law, this Court agrees with Pyramid that it has no personal jurisdiction over Pyramid in this suit. At issue here is specific jurisdiction, since there is no argument that general jurisdiction applies. The negligence claims against Pyramid arise out of its alleged improper loading, blocking and bracing of the goods, loaded into the truck that Zero then had driven to Texas. All of Pyramid's activities took place in California. The inland transportation was Zero's responsibility. While Zero may have a claim for contribution and indemnity based on Pyramid's acts and omissions, Pyramid's contacts with Texas are inadequate to support personal jurisdiction here. Merely knowing that Zero would be transporting the goods into Texas on their way to Mexico or Pyramid's directing the shipment on the bill of lading in accordance with its own directions, does not demonstrate that Pyramid purposefully availed itself of the benefits of the forum state. Unlike *Thompson,* on which Pan American and Zero rely, this is not a case of a manufacturer sending a defective product into a forum state and causing injury there. Pyramid was selling no products to Texas, nor were the goods intended for ultimate use in Texas.

For specific jurisdiction, the plaintiff must show that the defendant has "purposefully established minimum contacts within the forum State" and that by traditional standards these contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King,* 471 U.S. at 476–77, 105 S.Ct. 2174. The plaintiff must show that the defendant

reasonably anticipated being haled into court in the forum state. *Id.* A nonresident defendant should not be subjected to the jurisdiction of the forum court based upon "random," "fortuitous," or "attenuated" contacts. *Id.* at 475–76, 105 S.Ct. 2174.

As a source of comparison, the Court cites *China Ocean Shipping (Group) Co. v. Simone Metals, Inc.,* 1997 WL 757426 (N.D.Ill. Nov.24, 1997). Simone Metals, Inc. ("Simone") contracted with plaintiff COSCO through its agent for transportation of six containers of scrap metal. It then contracted with Defendant E.J. Metal Products, Inc. to package the scrap in the shipping containers. Plaintiff had also contracted with CPRS to transport Simone's containers by rail from Schiller Park, Illinois to Long Beach, California. En route, one of the containers' contents escaped and caused the train to derail in Kansas. Simone was sued in Illinois for having improperly blocked, loaded, braced and prepared scrap metal for the shipment by train. Simone, which was incorporated in Pennsylvania and had its only place of business in Pennsylvania, moved to dismiss for lack of personal jurisdiction, claiming that it does not do any kind of business in Illinois.

The Illinois court found that it did have jurisdiction and that Simone had purposefully established contacts with Illinois, voluntarily and purposefully directed and conducted its activities in Illinois, availed itself of the privilege of doing business in Illinois and invoked the benefits and protections of Illinois law, such that it reasonably should have anticipated the possibility of litigation in that state. Specifically it found that all of the containers originated in Illinois, Simone listed itself as the shipper on the bills of lading, it owned the property at issue in this case, which was originally located in Illinois, the alleged improper loading of the containers onto the rail cars occurred in Illinois, the agreements with Plaintiff and with E.J. applied to Illinois and their performance under those agree-

ments directly affected Illinois, and Simone was clearly conducting business activities in Illinois when it had its scrap metal packaged and transported within the state. Moreover, the court found that "[t]his case directly arises out of defendant Simone's contacts with the State of Illinois, the actions defendant Simone allegedly took in packaging the containers which occurred in Bedford, Illinois."

For Pyramid's activities in the instant suit, the same would be true of California, where all of Pyramid's commercial activity occurred. Its contacts with Texas, on the other hand, were fortuitous, random, and attenuated. Pyramid's blocking, loading, and bracing of the containers would have been the same whether the goods were shipped to Oklahoma or New Mexico or Louisiana and regardless of where an accident might occur.

Thus in sum, for the reasons indicated above, the Court ORDERS the following:

(1) Pan American's motion for default judgment (# 56) is DENIED;

(2) Pan American's motion for protective order (# 60) and Plaintiffs' motion seeking expenses and sanctions (# 62) are MOOT;

(3) Pyramid's motions to dismiss for lack of personal jurisdiction are GRANTED and the claims against it are DISMISSED without prejudice; and

(4) Because Third–Party Defendant Avex Electronics de Mexico, S.De R.L. De C.V. has never appeared, this action is DISMISSED with prejudice as to the claims against Plaintiffs, Pan American and Zero, and without prejudice as to the claims against Pyramid.